THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DEDRICK A. BELL, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES L. PETERSON, Defendant-Appellee.

Fifth District Nos. 5—97—0019, 5—97—0020 cons.

Opinion filed March 6, 1998.

Stephen E. Norris and Kendra S. Mitchell, both of State's Attorneys Appellate Prosecutor's Office, of Mt. Vernon, for the People.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendants, Dedrick Bell and James Peterson, were charged with separate drug offenses after a confidential source using a concealed tape recorder allegedly purchased drugs from them. The trial court granted the defendants' motions to suppress the recordings based on the lack of state or federal authorization. The State appeals, contending that the trial court erred by (1) improperly placing the burden of establishing authority on the State and (2) finding that there was insufficient proof of federal authorization because the recordings were made during a joint state and federal investigation. We affirm.

■ The State first contends that the burden of proof was improperly put on the State and that, therefore, the trial court's ruling is manifestly erroneous. Because the State did not object to the order of proof at the hearing, in its notice of appeal, or in its certificate of impairment, the issue is waived. See People v. Reid, 136 Ill. 2d 27, 38, 554 N.E.2d 174, 179 (1990).

■ The State next asserts that the Mt. Vernon officers who made the recordings were acting under color of federal law pursuant to federal deputizations and that, therefore, the "overhears," though violative of Illinois law, were nevertheless proper. "[W]hen Federal and State agents are engaged in a joint investigatory enterprise, noncompliance with the Illinois eavesdropping statute does not require the suppression of electronically obtained evidence so long as Federal directives are followed and there is not collusion among the authorities to evade State law." People v. Mays, 188 Ill. App. 3d 974, 979-80, 544 N.E.2d 1264, 1268 (1989). Therefore, the issue before us is whether the trial court erred in holding that the Mt. Vernon officers did not receive proper federal authorization to conduct the "overhears."

At the suppression hearing, the State called Special Agent I.A. Bratcher of the Federal Bureau of Investigation (FBI) to establish

the Mt. Vernon police officers' federal authority. Agent Bratcher testified that Sergeant Mendenhall and Detective Hawkins of the Mt. Vernon police department had been deputized as "Special Federal Officers" as part of a task force of federal and state officers designed to target street gangs, drug offenders, violent offenders, and specifically cocaine. According to Bratcher, the special deputizations authorized Mendenhall and Hawkins to conduct federal investigations, use federal wire authority, and make federal arrests. Brasher also identified a document entitled "Form FD 759," which he stated shows that the officers followed the proper channels in obtaining federal authorization from Special Agent Robert Shay in the Effingham office of the FBI.

Detective Mendenhall testified that he was specially deputized to participate in a joint state and federal task force targeting crack cocaine. He stated that since he knew this case involved cocaine, he operated under federal rules because virtually all cases involving cocaine are prosecuted in federal court. Mendenhall further testified that he contacted Agent Shay to request federal authority to purchase crack cocaine. Detective Hawkins' testimony was substantially similar to that of Detective Mendenhall.

The State argues that the trial court abused its discretion in suppressing the "overhears" in the face of this uncontradicted evidence. We disagree.

The court in this case questioned whether authorization for the "overhears" had in fact been given. The court noted that Agent Bratcher had no contacts with the case and that Agent Shay, who did, refused to respond to a subpoena to testify as to his involvement. The court was also concerned that the United States Attorney did not appear to verify that federal authorization was given. Finally, the trial court questioned whether there was collusion on the part of the agents to circumvent Illinois eavesdrop requirements.

■ Determinations of the credibility of witnesses, the weight to be given their testimony, and reasonable inferences to be drawn therefrom are the responsibility of the trial court. *People v. Byron*, 164 Ill. 2d 279, 299, 647 N.E.2d 946, 955-56 (1995). It is well settled that a reviewing court will not disturb a trial court's finding on a motion to suppress unless that finding is manifestly erroneous. *People v. Williams*, 147 Ill. 2d 173, 209, 588 N.E.2d 983, 994-95 (1991); *People v. Krueger*, 175 Ill. 2d 60, 64, 675 N.E.2d 604, 607 (1996).

■ In this case, the testimony did not convince the trial judge to make the evidentiary leap necessary to establish proper federal authorization for an "overhear." It is clear that the necessary federal witnesses—Agent Shay and/or a United State's Attorney—failed to

adequately assist the State prosecution by appearing to testify at the suppression hearing. It is entirely possible that Detectives Hawkins and Mendenhall believed they would receive the necessary federal cooperation and yet were deprived of same when the federal witnesses chose not to appear. On these facts, we cannot say that the trial court's finding was manifestly erroneous. We, therefore, affirm the trial court's suppression of the recordings.

Affirmed.

WELCH, P.J., and HOPKINS, J., concur.